IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL LONDON, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:11-CV-343 (MTT) |
| STATE OF GEORGIA;<br>UNITED STATES OF AMERICA, | : | |
| Defendants | : | |

## **ORDER**

Plaintiff **MICHAEL LONDON,** presently incarcerated at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* "Amendment VI, article III, section II complaint" in which he alleges that he is illegally being subjected to "involuntary servitude," and is the victim of a "kidnaping." He goes on to allege that his "Islamic headdress was again taken" and his "security level moved up to close." The Court has construed this "Amendment VI, article III, section II complaint" as a *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1]

Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis.*

---

[1] If Plaintiff seeks to challenge his conviction or fact of confinement, he must file a habeas corpus action pursuant to 28 U.S.C. § 2254. However, he must first exhaust his state remedies. Additionally, any § 2254 action should be filed in the United States District Court for the Northern District of Georgia because the Georgia Department of Corrections' records show that Plaintiff was convicted in Cobb County, Georgia, which is located in the Northern District. See www.dcor.state.ga.us.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that § 1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of § 1915(g).  *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has filed numerous civil actions in federal courts in the State of Georgia while incarcerated.   At present, at least four of these complaints have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *London v. Baker*, 1:05-cv-2531 (CC) (N.D. Ga. Oct. 20, 2005); *London v. Baker*, 5:04-cv-50 (WTM) (S.D. Ga. Sept. 16, 2004); *London v. Battle*, 5:00-cv-102 (WDO) (M.D. Ga. September 1, 2000); and *London v. Leager*, 1:99-cv-2695 (CC) (N.D. Ga. November 10, 1999).

Because Plaintiff has had at least four prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).   Plaintiff makes the conclusory allegation that his transfer to a close security level "place[s] [his] life in danger."   Plaintiff provides no facts to support this naked assertion.   The Court finds that Plaintiff has not shown that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, to the extent that Plaintiff seeks to proceed *in forma pauperis*, his request is **DENIED** and the instant action is **DISMISSED** without prejudice. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint.[2]

**SO ORDERED**, this 6th day of September, 2011.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[2] In ***Dupree v. Palmer***, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.